UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

GEORGE MERCIER,
                Plaintiff,

v.                                       1:06-CV-0350
                                                (GLS)(DRH)

THE GOVERNOR OF THE STATE OF NEW YORK,
                Defendant.

**APPEARANCES:**

**GEORGE MERCIER**
**Plaintiff,** *pro se*

**GARY L. SHARPE, DISTRICT JUDGE**

## DECISION & ORDER

Presently before the Court are a civil rights complaint and application to proceed *in forma pauperis* filed by Plaintiff George Mercier.[1] Dkt. Nos. 1, 2. Plaintiff, a resident of Nevada, has not paid the statutory filing fee for this action.

For the reasons stated below, Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted.

**I. Background**

In his complaint, Plaintiff claims that from May 1992 to July 1999, he was followed by police vehicles, placed under surveillance, and had a wiretap placed on his telephone. Dkt. No. 1, Complaint at p. 16. Plaintiff also claims that during this span of time, he had several "encounters" with the police, some of which allegedly led to Plaintiff's arrest.[2] *Id.* at pp. 3-17. For instance,

---

[1] The Court notes that Plaintiff filed one other action in this District. *See Mercier v. Central Intelligence Agency, et al.*, 5:04-CV-0429.

[2] Plaintiff sets forth his allegations in distinct sections titled "First Encounter," "Second Encounter," etc. *See* Dkt. No. 1.

Plaintiff claims that he was arrested for the following reasons: threatening a police officer; setting off a homemade explosive device; shoplifting; and apparently for stealing syringes from a pharmacy at which he was employed.[3] *Id.* at pp. 4-7, 10, 15. For a complete statement of Plaintiff's claims, reference is made to the complaint.

**II. Discussion**

Consideration of whether a *pro se* plaintiff should be permitted to proceed *in forma pauperis* is a two-step process. First, the court must determine whether the plaintiff may commence the action without prepaying, in full, the $250.00 filing fee. The court must then consider whether the causes of action stated in the complaint are frivolous or malicious, or if they fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). The Second Circuit has held that dismissal is also appropriate when an affirmative defense, such as the statute of limitations, is plain from the plaintiff's pleadings. *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995).

In this case, the Court has determined that Plaintiff has satisfied the test of economic need and would be financially eligible to proceed *in forma pauperis*. *See* Dkt. No. 2. Turning to the second inquiry, Plaintiff brings this action under 42 U.S.C. § 1983 which establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *German v. Fed. Home Loan Mortg. Corp.*, 885 F.Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); *see also Myers v. Wollowitz*, No. 95-CV-0272, 1995 WL 236245, *2 (N.D.N.Y. Apr. 10, 1995) (McAvoy, C.J.) (§ 1983 "is the vehicle by which individuals may seek redress for

---

[3] The only arrest for which Plaintiff clearly states that he spent time in jail, a total of three days, appears to relate to the alleged stealing of syringes. *See* Dkt. No. 1, Complaint at p. 7. That arrest apparently occurred in April 1996. *Id.* at pp. 6-7. The Court notes that Plaintiff claims that in 1999 he "left the [Brighton, New York] area and moved to the University of Utah, where he was admitted to their Graduate School of Pharmacy." *Id.* at p. 14.

2

alleged violations of their constitutional rights.") (citation omitted).

### A. Statute of Limitations

The "applicable statute of limitations for § 1983 actions arising in New York requires claims to be brought within three years." *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1156 (2d Cir. 1995). In this case, as noted, the alleged wrongdoings occurred over the span of seven years, from May 1992 to July 1999. In *Pino v. Ryan*, the Second Circuit noted that "ordinarily" the court should not raise the statute of limitations sua sponte, however, it was appropriate where the injuries complained of occurred more than five years prior to the filing of the complaint and there were no applicable tolling provisions as a matter of law. 49 F.3d at 54.

The acts complained of by this Plaintiff occurred, if at all, on or before July 1999: almost seven years before this complaint was filed. Plaintiff alleges that he moved to Utah in 1999, thus he was not subjected to any continuing violation, and there are no tolling provisions applicable. Plaintiff's claims are therefore time-barred.

Since Plaintiff's claims are barred by the applicable statute of limitations, Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because the complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915.

### B. Respondeat Superior

The Court also notes that the only Defendant named in this action is "The Governor of the State of New York." In addition to being subject to dismissal based on the statute of limitations, this action would be subject to dismissal because the named Defendant had ***absolutely no involvement*** in the facts of which Plaintiff complains.

A review of the complaint shows that Plaintiff has just listed the Defendant as "The

3

Governor." The complaint states that "[t]he defendant, is whomever is the current office holder of the Office of the Governor of the State of New York." Dkt. No. 1, Complaint at p. 2. The only reason that Plaintiff lists this individual is because he is allegedly the "chief law enforcement executive of the State of New York." *Id.* Clearly, this Defendant has been listed solely because he is allegedly the superior of the officers of whom Plaintiff is complaining, however, it is well-settled that respondeat superior is *not* a proper basis for liability in a section 1983 action. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.), *cert. denied*, 414 U.S. 1033 (1973).

A defendant must have been personally involved in the alleged violation in order for plaintiff to obtain damages in a civil rights action against that defendant. *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir.), *cert. denied*, 434 U.S. 1087 (1978). There is no way, based on the facts stated in the complaint that the Governor was personally involved in the actions of which Plaintiff complains. There appears to be no "relief" section in Plaintiff's complaint, but since he is no longer living in the State of New York, injunctive relief is not available under the facts stated.[4] Thus, even if Plaintiff had filed this action within the statute of limitations, the action would not state a claim against the current Defendant.

Finally, it appears that the only reason that this case could be filed in the Northern District of New York is because the Governor, who had no involvement in the facts, "resides" in the Northern District. Every fact stated in Plaintiff's complaint allegedly occurred in and around Rochester, New York. Rochester and the surrounding areas are in the Western District of New York. Thus, if the

---

[4] The entire complaint is simply an outline of various "encounters" that Plaintiff had with police in and around Rochester, New York.

case were not subject to dismissal based on the statute of limitations, and Plaintiff had named the proper Defendants, it would have to have been transferred to the Western District of New York.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's application to proceed *in forma pauperis* is **GRANTED**, and it is further

**ORDERED**, that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) for the reasons stated above, and it is further

**ORDERED**, that the Clerk serve a copy of this Order on Plaintiff.

**IT IS SO ORDERED.**

Dated: April 5, 2006

*Gary L. Sharpe*
U.S. District Judge